IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **SHEA O'NEILL and JENNY O'NEILL,** § § § | |
| Plaintiffs, § § | |
| v. § § | Civil Action No. 4:13-cv-656-O |
| **CITIMORTGAGE, INC.,** § § | |
| Defendant. § § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant CitiMortgage, Inc.'s Motion to Dismiss (ECF No. 18), filed January 9, 2014. Although the Court granted Plaintiffs' motion requesting a twenty-one-day extension, Plaintiffs did not file a response to the motion to dismiss. *See* Order, Feb. 20, 2014, ECF No. 23. Having reviewed the motion, the Court finds that it should be and is hereby **GRANTED in part** and **DENIED in part**.

**I.   BACKGROUND**

Around April 2008, Plaintiffs Shea O'Neill and Jenny O'Neill (collectively, "Plaintiffs") obtained a loan with the principal amount of $261,000.00 for the construction of their home. Pl.'s 1st Am. Compl. & App. Temp. & Perm. Inj. ¶ 7, ECF No. 12. Sometime thereafter, Defendant CitiMortgage, Inc. ("Defendant") purchased the loan. *Id.* Plaintiffs contend they then received notice that their monthly mortgage payment would double based on a "perceived escrow shortage." *Id.* ¶¶ 8-9. Plaintiffs contend they discovered an error Defendant made and attempted to report the error to Defendant to no avail. *Id.* Then, Plaintiffs contend, Defendant stopped accepting Plaintiffs' payments and sent a first notice of foreclosure. *Id.* ¶ 9. Plaintiffs attempted to contact Defendant but

"simply could not get a consistent answer regarding the basis of the perceived escrow shortage." *Id.* Since then, Plaintiffs contend they discussed the possibility of a modification with Defendant but Defendant "has continued to play games." *Id.* ¶ 10. Accordingly, Plaintiffs brought the instant action to "hold [Defendant] to its obligations and not allow it to unlawfully take" their home. *Id.* ¶ 11.

Plaintiffs filed suit in state court in Tarrant County, Texas, on August 5, 2013. *See* Notice Removal Ex. A (Original Pet.), ECF No. 1-4. Defendant removed the action to this Court on August 13, 2013, based on diversity of citizenship. *See generally id.*, ECF No. 1. Plaintiffs filed their First Amended Complaint, the live pleading, on December 13, 2013 (ECF No. 12). In addition to declaratory relief, Plaintiffs assert the following causes of action: (1) breach of contract, (2) negligent misrepresentation, (3) wrongful foreclosure, (4) improper lending practices, and (5) improper debt collection. 1st Am. Compl. pt. IV, ECF No. 12. On January 9, 2014, Defendant filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.   LEGAL STANDARD

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are

'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"When a complaint fails to adequately state a claim, such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558). Courts should, however, give the plaintiff at least one chance to amend a complaint before dismissing the action with prejudice. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

**III.    ANALYSIS**

Plaintiffs assert the following causes of action: (1) breach of contract, (2) negligent misrepresentation, (3) wrongful foreclosure, (4) improper lending practices, and (5) improper debt collection. *See* 1st Am. Compl. pt. IV, ECF No. 12. Plaintiffs also seek declaratory relief. *Id.* ¶ 18. Defendant seeks dismissal of all of Plaintiffs' claims under Rule 12(b)(6). *See generally* Def.'s Mot. Dismiss, ECF No. 18. Accordingly, the Court will address each ground for relief in turn.

### A. Breach of Contract

The elements of a breach of contract action are: "(1) the existence of a valid contract; (2) performance or tender of performance; (3) breach by the defendant; and (4) damages resulting from the breach." *Oliphant Fin., LLC v. Galaviz*, 299 S.W.3d 829, 834 (Tex. App.—Dallas 2009, no pet.) (citing *Hussong v. Schwan's Sales Enters., Inc.*, 896 S.W.2d 320, 326 (Tex. App.—Houston [1st Dist.] 1995, no writ)). Here, Plaintiffs contend they tendered payment to Defendant, and Defendant refused to accept the payment. *See* 1st Am. Compl. ¶ 13, ECF No. 12. Plaintiffs further assert that as a result of Defendant's actions, their "credit is damaged" and their mortgage has "doubled." *Id.* ¶¶ 11, 13; *cf. Yacoubou v. Wells Fargo Bank, N.A.*, 901 F. Supp. 2d 623, 636 (D. Md. 2012) (concluding plaintiff presented no evidence of damages from defendant's failure to accept payments because defendant did not foreclose on the property). Accordingly, the Court finds that Plaintiffs have pled enough facts to state a breach of contract claim that is plausible on its face. Defendant's motion to dismiss is denied on this ground.

### B. Negligent Misrepresentation

"The elements of a negligent misrepresentation claim are: (1) the representation is made by a defendant in the course of his business, or in a transaction in which he has a pecuniary interest; (2) the defendant supplies "false information" for the guidance of others in their business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffers pecuniary loss by justifiably relying on the representation." *Miller v. Raytheon Aircraft Co.*, 229 S.W.3d 358, 379 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (citing *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 686 n.24 (Tex. 2002); *McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999); *Fed. Land*

4

*Bank Ass'n v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991)). Additionally, the plaintiff must prove that the defendant misrepresented an existing fact, rather than a promise of future performance. *Id.* (citing *Sloane*, 825 S.W.2d at 442; *Dallas Firefighters Ass'n v. Booth Research Group, Inc.*, 156 S.W.3d 188, 194 (Tex. App.—Dallas 2005, pet. denied); *Swank v. Sverdlin*, 121 S.W.3d 785, 802 (Tex. App.—Houston [1st Dist.] 2003, pet. denied); *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.—Houston [14th Dist.] 1999, pet. denied)). Here, Plaintiffs contend "Defendant materially misrepresented information to Plaintiffs, and Plaintiffs relied on Defendant's assertions and assurances that the loan *would be modified*." 1st Am. Compl. ¶ 14, ECF No. 12 (emphasis added). Thus, Plaintiffs have failed to plead that Defendant misrepresented an *existing* fact.

Moreover, Plaintiffs' negligent misrepresentation claim arises from their contractual relationship with Defendant. "But for the existence of this contractual relationship, Plaintiffs' non-contractual claim of negligent misrepresentation would not exist. Texas courts consistently have prohibited tort claims if the parties' relationship and attendant duties arise from a contract." *DeFranceschi v. Wells Fargo Bank, N.A.*, 837 F. Supp. 2d 616, 625 (N.D. Tex. 2011) (Means, J.) (citing *Quintanilla v. K–Bin, Inc.*, 993 F. Supp. 560, 563 (S.D. Tex.1998); *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 493-95 (Tex. 1991); *Ortega v. City Nat'l Bank*, 97 S.W.3d 765, 777 (Tex. App.—Corpus Christi 2003, no pet.)). Accordingly, Plaintiffs' claim sounds in contract rather than tort. Plaintiffs fail to state a claim for negligent misrepresentation for these reasons.

**C.     Wrongful Foreclosure**

The elements of a wrongful foreclosure claim are: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling price." *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139

5

(Tex. App.—Corpus Christi 2008, no pet.) (citing *Charter Nat'l Bank–Hous. v. Stevens*, 781 S.W.2d 368, 371 (Tex. App.—Houston [14th Dist.] 1989, writ denied)). Plaintiffs do not allege that Defendant has foreclosed their home. *See* Pl.'s 1st Am. Compl. & App. Temp. & Perm. Inj. pt. III, ECF No. 12. For this reason, Plaintiffs fail to state a claim for wrongful foreclosure. *Motten v. Chase Home Fin.*, 831 F. Supp. 2d 988, 1007 (S.D. Tex. 2011) (stating Texas does not recognize an action for attempted wrongful foreclosure (citing *Smith v. J.P. Morgan Chase Bank N/A*, Civ. A. No. H–10–3730, 2010 WL 4622209, at *2 (S.D. Tex. Nov. 4, 2010); *Baker v. Countrywide Home Loans, Inc.*, No. 3:08–CV–0916–B, 2009 WL 1810336, at *4 (N.D. Tex. June 24, 2009) (Boyle, J.); *Sander v. Citimortgage, Inc.*, Civ. A. No. 4:09CV566, 2011 WL 1790732, at *2 (E.D. Tex. Mar. 24, 2001); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App.—San Antonio 1998, no pet.)).

### D. Improper Lending Practices

Plaintiffs assert a claim for "improper lending practices" but fail to identify the source for such a cause of action. *See* 1st Am. Compl. ¶ 16, ECF No. 12. Defendants contend that no action exists under Texas law. *See* Def.'s Mot. Dismiss 12, ECF No. 18. In light of Plaintiffs' failure to respond, and the dearth of authority on a claim for "improper lending practices," the Court finds Plaintiffs fail to state a claim on this ground as well.

### E. Improper Debt Collection

Plaintiffs contend "[t]he attempt to collect a purported debt violates federal and state law governing debt collection practices." 1st Am. Compl. ¶ 17, ECF No. 12. The relevant statutory sources are the Fair Debt Collection Practices Act ("FDCPA") and the Texas Debt Collection Act

("TDCA").[1] Mortgage companies collecting debts, however, are not "debt collectors" under the FDCPA. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007) (citing *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir.1985)). Accordingly, Plaintiffs fail to state a claim under the FDCPA.

To state a claim under the TDCA, Plaintiffs must show: (1) the debt is a consumer debt; (2) Defendant is a debt collector within the meaning of the TDCA; (3) Defendant committed a wrongful act in violation of the TDCA; (4) the wrongful act was committed against Plaintiffs; and (5) Plaintiffs were injured as result of Defendant's wrongful act. *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 743 (E.D. Tex. 2013). "The TDCA does not prevent a debt collector from 'exercising or threatening to exercise a statutory or contractual right of seizure, repossession, or sale that does not require court proceedings.'" *Id.* (quoting Tex. Fin. Code § 392.301(b)(3)) (citing *Sweet v. Wachovia Bank & Trust Co.*, No. 3:03–CV–1212–R, 2004 WL 1238180, at *3 (N.D. Tex. Feb. 26, 2004) (Buchmeyer, J.).

Plaintiffs' claim for improper debt collection appears to be rooted in the following factual allegations: (1) Defendant's attempt to foreclose, (2) Defendant's failure to provide an opportunity to cure, (3) Defendant's refusal of payments, (4) Defendant's demand for modification, and (5) Defendant's misrepresentation of the amount of the escrow shortage. *See* 1st Am. Compl. ¶ 17, ECF No. 12. Plaintiffs generally contend, "[a]s a result of Defendant's breaches, failures, acts, and

---

[1] Texas law also recognizes a claim for unreasonable collection efforts, but this intentional tort requires "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.—Dallas 2008, no pet.). Plaintiffs have made no such allegation here.

7

omissions, Plaintiffs have been damaged . . . ." *Id.* Plaintiffs, however, have failed to identify a specific provision of the TDCA that Defendant allegedly violated.[2]

"[A] plaintiff's obligation to provide the 'grounds' of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, (1986)). For this reason, and in light of the fact that the Court is allowing Plaintiffs to file an amended complaint, the Court finds Plaintiffs have failed to state a claim under the TDCA. *See Holley v. Bank of Am. Nat'l Ass'n*, No. 3:10–CV–2261–B, 2011 WL 1303252, at *2 (N.D. Tex. Apr. 4, 2011) (Boyle, J.) (dismissing TDCA claim for failure to adequately plead); *Birdow v. Allen*, No. A–13–CV–709–LY, 2013 WL 4511639, at *3 (W.D. Tex. Aug. 23, 2013) (dismissing TDCA claim for failure to identify any provision that defendant allegedly violated).

### F. Declaratory Relief

Additionally, Plaintiffs seek declaratory relief pursuant to Chapter 37 of the Texas Civil Practice and Remedies Code. *See* 1st Am. Compl. ¶ 18, ECF No. 12. Because the Texas Declaratory Judgments Act is a procedural, rather than substantive, provision, the Court construes Plaintiffs' suit to be one brought under the federal Declaratory Judgment Act. *See Hurd v. BAC Home Loans Servicing, LP*, 880 F. Supp. 2d 747, 769 (N.D. Tex. 2012) (Lynn, J.) (citing *Brock v. Fed. Nat'l Mortg. Ass'n*, 2012 WL 620550, at *5 (N.D. Tex. Feb. 24, 2012) (McBryde, J.); *Bell v. Bank of Am.*

---

[2] Courts hold pleadings drafted by attorneys to a different standard than those drafted by *pro se* litigants. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 595-56 (1972) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Dioguardi v. Durning*, 139 F.2d 774 (2d Cir. 1944)). Here, Plaintiffs are represented by counsel and, accordingly, must identify the relevant provisions of the TDCA. *Cf. Fenceroy v. I.R.S.*, 153 F. Supp. 2d 893, 899-900 (N.D. Tex. 2001) (Lindsay, J.) (explaining failure to identify specific law violated did not warrant dismissal of *pro se* complaint).

*Home Loan Servicing LP*, 2012 WL 568755, at *8 (S.D. Tex. Feb. 21, 2012); *Wilkerson v. Citimortgage, Inc.*, 2011 WL 6937382, at *9 (N.D. Tex. Oct. 24, 2011) (Toliver, Mag. J.)). The federal Declaratory Judgment Act does not create a substantive cause of action. *Dallas Cnty., Tex. v. MERSCORP, Inc.*, ___F. Supp. 2d___, 2014 WL 840016, at *7 (N.D. Tex. 2014) (O'Connor, J.); *see also Reid v. Aransas Cnty.*, 805 F. Supp. 2d 322, 339 (S.D. Tex. 2011). "A Declaratory Judgment Action is merely a vehicle that allows a party to obtain an early adjudication of an actual controversy arising under other substantive law." *Reid*, 805 F. Supp. 2d at 339 (quoting *Metropcs Wireless, Inc. v. Virgin Mobile USA, L.P.*, 2009 WL 3075205, at *19 (N.D. Tex. Sept. 25, 2009) (Fitzwater, C.J.)) (internal quotation marks omitted). Accordingly, the Court finds Plaintiffs fail to state a claim for declaratory relief except to the extent that such a request is grounded in the Plaintiffs' breach of contract action.

### IV. CONCLUSION

For the above reasons, the Court **GRANTS in part** and **DENIES in part** Defendant CitiMortgage, Inc.'s Motion to Dismiss (ECF No. 18), and all of Plaintiffs claims, except for the breach of contract cause of action, are **DISMISSED without prejudice**. If Plaintiffs wish to amend their complaint, they may do so on or before **March 31, 2014**. Otherwise, the Court will dismiss all of Plaintiffs' claims, except for the breach of contract cause of action, with prejudice.

**SO ORDERED** on this **24th day** of **March, 2014.**

Reed O'Connor
UNITED STATES DISTRICT JUDGE

9